## QUALITY PRINTING, INC., etc., et al. v. NATIONAL COLLEGIATE SPORTS FESTIVAL, INC., et al. (Consolidated)

### Case No. 87-2585-CC-12-C

County Court, Volusia County

May 27, 1988

**APPEARANCES OF COUNSEL**

**James N. Charles** for defendants.

**Jason G. Reynolds** for plaintiff.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THE ABOVE styled causes having been consolidated for trial and the court having heard the testimony of the witnesses and having examined the exhibits offered in evidence finds as follows:

The plaintiffs have filed claims against the defendant NATIONAL COLLEGIATE SPORTS FESTIVAL, INC., (hereinafter called "Festival") and its successor, NATIONAL COLLEGIATE SPORTS FOUNDATION, INC., (hereinafter called "Foundation") for advertising, printing and services rendered to "Festival" which sponsored and promoted collegiate sporting events during "Spring Break" in Daytona Beach, in 1986.

In 1987, the "Foundation" took over the sponsorship and promotion

of the collegiate sporting events. The claims incurred in 1986 and sought therein were unpaid by the "Festival" but the "Foundation" disclaims any liability of its predecessor, to-wit: the "Festival".

The law applicable to the cases herein is found in the case of *Orlando Light Bulb Service, Inc. v. Laser Lighting & Electric Supply, Inc.,* 13 Fla.W. 926 (Fla. 5th DCA, 4/14/88) wherein the court said:

"Florida follows the corporate law rule which does not impose the liabilities of a selling predecessor corporation upon the buying successor company unless (1) the successor impliedly assumes the obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor corporation is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid the liabilities of the predecessor."

The court specifically finds as the finder of fact that there was a de facto merger of the corporations based upon the following facts:

1. There was a continuity of purpose of both corporations, to-wit: the sponsoring and promotion of collegiate sports in Daytona Beach during "Spring Break".

2. Casey Leydon was the prime mover and president of "Festival" and the executive director and founder of "Foundation".

3. "Foundation" did pay part of a debt owed by "Festival", indicating an implied assumption of the obligations of "Festival".

In *Omar International Finance Ltd. v. Hoiyong Gem Corp.,* 616 F. Supp. 351, the Court said:

"A de facto merger occurs when one corporation is absorbed by another, i.e., there is a continuity of the selling corporation exercised by such things as the same management, personnel assets, location and stockholders.

The finder of fact may look to any other factors reasonably indicative of commonability or distinctiveness. The bottom line question is whether each entity has run its own race, or whether there has been a relay style passing of the baton from one to the other."

This quote is quite ironic to the cases at bar since the objective of both corporations was to sponsor sports activities in Daytona Beach. The court finds that "Festival" and "Foundation" engaged in a "relay styled passing of the baton from one to the other", a sporting event.

The court therefore requests counsel for the plaintiff to prepare a Final Judgment for each plaintiff for the amount sued upon.

DONE, ORDERED AND ADJUDGED in Chambers at the

County Courthouse Annex, 125 E. Orange Avenue, Daytona Beach, Volusia County, Florida this 27th day of May, 1988.